[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1201.]

PRETTY ET AL., APPELLANTS, *v*. MUELLER ET AL., APPELLEES.

[Cite as *Pretty v. Mueller*, 2000-Ohio-256.]

*Appeal dismissed as improvidently allowed.*

(No. 98-219—Submitted October 13, 1999 at the Pickaway County Session—
Decided February 9, 2000.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-970011 and C-970332.

————————————

*Lindhorst & Dreidame* and *Gary F. Franke*, for appellants.

*Rendigs, Fry, Kiely & Dennis, L.L.P.*, and *Felix J. Gora*, for appellees.

————————————

The cause is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK and PFEIFER, JJ., separately dissent.

————————————

**DOUGLAS, J., dissenting.**

{¶ 1} While allegedly confused, it is obvious to me that the jury knew what it was doing and arrived at the verdict it thought appropriate. Accordingly, I would reverse the judgment of the court of appeals and reinstate the verdict of the jury and the judgment of the trial court. I respectfully dissent.

————————————

**PFEIFER, J., dissenting.**

{¶ 2} I dissent from the majority's holding that this case was improvidently allowed. This case is one of the rare instances where we should find plain error in a civil action. *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099.

**{¶ 3}** The jury below determined that plaintiffs should be compensated $162,500 for the injuries they suffered. Whether the plaintiffs were wrongfully injured and the extent of their damages are not at issue. A judge's incorrect response to a jury question during deliberations and the plaintiffs' lawyer's failure to appeal from what he considered a successful verdict led to plaintiffs' eventual zero recovery.

**{¶ 4}** The underlying case is a malpractice action. Plaintiffs sued Dr. Thomas Mueller and his employer, Group Health Associates, Inc. ("GHA"), for negligence in their care and treatment of Donald Pretty. Pretty suffered a ruptured bowel due to diverticulitis and was required eventually to undergo a temporary colostomy.

**{¶ 5}** When the jury was in deliberations, it asked the following question to the trial judge: "Can we find Group Health Associates and not just Dr. Mueller guilty?" After some discussion with the jury members and counsel, the judge ultimately responded as follows: "Ladies and gentlemen of the jury, you're instructed further then in answer to the question as we have heard it that it's possible for you, depending on the facts that you determine from the testimony, to make a finding for the two Defendants, a finding against the two Defendants or a finding against either one of the two or, to put it another way, finding for one of the two. So there are those possibilities."

**{¶ 6}** Neither party objected to the judge's response despite the fact that it was obviously wrong. GHA could have been liable for Dr. Mueller's negligence under the theory of *respondeat superior*, since Dr. Mueller was acting as GHA's employee and agent. An employer, however, cannot be found liable independently under a theory of *respondeat superior*, since any liability of the employer is derivative of that of the employee. *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 217, 527 N.E.2d 1235, 1244.

2

**{¶ 7}** The jury found GHA liable, alone, and awarded plaintiffs $162,500 in damages. Neither side requested that the jury be sent back to return a verdict for or against Dr. Mueller. The trial judge released the jury and eventually entered judgment against GHA and in favor of Dr. Mueller. Plaintiffs did not appeal the judgment in favor of Dr. Mueller.

**{¶ 8}** Donald Pretty and his wife have been wronged. A jury found that to be the case. The Prettys suffered significant damages. A jury found that to be the case also. A judge made a serious error, a lawyer who thought he had won his case overlooked an appeal, and thus the jury has been rendered powerless.

**{¶ 9}** It would be hard to think of a case more fitting for the syllabus language of *Goldfuss*, in its description of civil plain error: "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."

**{¶ 10}** The jury acted on a baldly wrong answer to a question it asked the judge. Donald Pretty and his wife sought relief in a court of law, and the jury believed it was extending proper relief. The role of juries and the legitimacy of the judicial process are challenged where a jury is instructed in the law, follows that law, and awards relief, only to have that relief snatched away with no hope of an appeal. We should order a new trial in this case, not to give the Prettys another chance, but to give our judicial process another chance.

RESNICK, J., concurs in the foregoing dissenting opinion.

———————————